# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTIN PASSLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:07CV3 FRB |
| POPLAR BLUFF POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Martin Passley for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this suit under 42 U.S.C. § 1983 for alleged violations of his rights arising under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Named as Defendants are the Poplar Bluff Police Department ("PBPD"), Jeff Rowland (Detective, PBPD), Butch Mobily (Sergeant, PBPD), Ralph Jefferson (same), Ed DeGarris

(Officer, PBPD), Jason Courtney (same), Kenny Carpenter (same), Unknown Cobb (same). Plaintiff seeks injunctive and monetary relief.

Plaintiff claims that, during the times relevant to the complaint, Christa Whitlock, apparently the mother of his child, was under a court order of protection limiting Whitlock's contact with plaintiff. Plaintiff states that Whitlock violated the court order on September 30, 2004, when she and two other persons approached plaintiff by car, threatened him, and drove away. Plaintiff alleges that he went to the police station immediately after the incident and filed a complaint with defendant DeGarris. According to plaintiff, defendant Courtney had been taking a complaint from Whitlock at the same time. Plaintiff claims that he was then charged with disturbing the peace and that Whitlock was not charged with any crime.

Plaintiff avers that defendant Carpenter arrested him on August 20, 2005, for violating a court order of protection limiting plaintiff's contact with Whitlock. Plaintiff says that he told Carpenter that he had videotaped the incident and that the video demonstrated that he was innocent. Plaintiff claims that, despite his assertion of innocence, Carpenter

3

refused to watch the video. Plaintiff claims that, as a result of the arrest, he was forced to spend twenty hours in jail and had to defend the charges in court.

Plaintiff alleges that Whitlock violated a court order of protection again on October 10, 2005, and that he videotaped the incident. Plaintiff claims that Whitlock filed a false declaration with PBPD in relation to the October 10 incident, alleging that plaintiff had stalked and abused her. Plaintiff further claims that defendant Rowland encouraged Whitlock file the false declaration. Plaintiff alleges that Rowland refused to watch the videotape, which plaintiff believes is both proof of his innocence and proof that Whitlock violated the court order. Plaintiff also claims that he told defendant DeGarris about the videotape but that DeGarris refused to arrest Whitlock.

Plaintiff alleges that on October 20, 2004, he attempted to videotape the exchange of his son from himself to Whitlock's mother. According to plaintiff, defendant Mobily was present and refused to let plaintiff videotape him. Plaintiff says that Mobily was standing next to Whitlock's mother, and plaintiff was unable to record his son's "spontaneous resistance to having to go with [Whitlock's mother]."

Plaintiff alleges that videotaping the exchange was important to the child custody dispute he was involved in at the time.

Plaintiff alleges that he was in an automobile accident on February 1, 2005. Plaintiff believes that the accident was obviously the other driver's fault. Plaintiff alleges that, despite the obviousness of the other driver's culpability, defendant Courtney refused to issue any citations to the other driver. Additionally, plaintiff alleges that his house was burglarized on November 14, 2004. Plaintiff maintains that Whitlock was responsible for the burglary. Plaintiff claims that he told Courtney about the burglary but that "nothing was done about it." Plaintiff believes that these two incidents are evidence that the entire Poplar Bluff Police Department is uninterested in whether plaintiff falls victim to criminal activities.

Plaintiff states that on June 26, 2006, he attempted to file a complaint against Whitlock for perjury under oath and filing false affidavits. Plaintiff claims that defendant Jefferson refused to take the complaint and referred plaintiff to the prosecutor's office.

**Discussion**

**A. Poplar Bluff Police Department**

The complaint is legally frivolous or fails to state a claim upon which relief can be granted as to the Poplar Bluff Police Department because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).[1] As a result, the complaint will be dismissed as to Poplar Bluff Police Department under 28 U.S.C. § 1915(e)(2)(B).

**B. Individual Police Officers**

The complaint is silent as to whether defendants are to be sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

---

[1]Even if plaintiff had included the City of Poplar Bluff as a defendant, the complaint would still fail to state a claim upon which relief can be granted as to Poplar Bluff because the complaint does not allege that a policy or custom of Poplar Bluff caused the alleged constitutional violations. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the City of Poplar Bluff, Missouri. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell, 436 U.S. at 690-91. The instant complaint does not contain any allegations that a policy or custom of the City of Poplar Bluff or its officials is responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against defendants in their official capacities, and the complaint should be dismissed as to the individually named defendants.

Additionally, the complaint is legally frivolous or fails to state a claim upon which relief can be granted as to each of the individual defendants for the following reasons.

1. *Butch Mobily*

The complaint alleges that defendant Mobily told plaintiff not to videotape him. The allegation does not rise to the level of a constitutional violation and, therefore, fails to state a claim upon which relief can be granted. As a result,

7

the complaint should be dismissed as to defendant Mobily under 28 U.S.C. § 1915(e)(2)(B).

### 2. *Jason Courtney*

The complaint alleges that Courtney refused to issue traffic citations to the other driver in the automobile accident that occurred on February 1, 2005, and that he was told about the burglary that took place on November 14, 2004, and that "nothing was done about it." These allegations do not rise to the level of constitutional violations and, therefore, fail to state a claim upon which relief can be granted. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195 (1989) ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."). As a result, the complaint should be dismissed as to defendant Courtney under 28 U.S.C. § 1915(e)(2)(B).

### 3. *Ralph Jefferson*

The complaint alleges that Jefferson refused to process a complaint against Whitlock on June 26, 2006, for alleged perjury and filing false affidavits. The allegation does not rise to the level of a constitutional violation and, therefore, fails to state a claim upon which relief can be granted. As

a result, the complaint should be dismissed as to defendant Jefferson under 28 U.S.C. § 1915(e)(2)(B).

### 4. *Ed DeGarris*

The complaint alleges that DeGarris refused to arrest Whitlock after plaintiff told DeGaris about a videotape showing that Whitlock violated a court order of protection. Plaintiff's allegations regarding the videotape are conclusory and do not allege any facts, which if proved, would demonstrate that plaintiff is entitled to relief. As a result, the complaint is legally frivolous as to defendant DeGarris and should accordingly be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### 5. *Jeff Rowland*

The complaint alleges that defendant Rowland encouraged Whitlock to file a false report against plaintiff on October 10, 2005, and that he refused to watch the video that showed plaintiff was not guilty. The complaint does not allege that plaintiff suffered any deprivation of his liberty or property as a result of the allegedly false report and, therefore, the allegations do not rise to the level of constitutional violations. See Landrigan v. City of Warwick, 628 F.2d 736, 745 (1st Cir. 1980) (filing of false police report not

actionable under § 1983 unless filing results in deprivation of life, liberty, or property). As a result, the complaint should be dismissed as to defendant Rowland under 28 U.S.C. § 1915(e)(2)(B).

**6.** ***Kenny Carpenter***

The complaint alleges that defendant Carpenter arrested plaintiff on August 20, 2005, for violating a court order of protection, and that the arrest resulted in plaintiff spending approximately twenty hours in jail. The complaint further alleges that plaintiff told Carpenter that there was a video with exculpatory evidence but that Carpenter refused to watch it. The complaint does not, however, allege that there was no probable cause for the arrest. Nor does the complaint allege that the court order of protection was invalid.

The allegations relating to the arrest and detention on August 20, 2005, do not rise to the level of constitutional violations. E.g., Baker v. McCollan, 443 U.S. 137 (1979) (plaintiff's innocence of charge contained in arrest warrant, while relevant to a tort claim of false imprisonment in most jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law, since Constitution does not guarantee that only the guilty will be

arrested); Kennell v. Gates, 215 F.3d 825, 828 (8th Cir. 2000) (unreasonable or negligent refusal to investigate claims of innocence or mistaken identity of an individual detained for a few days pursuant to facially-valid warrant does not amount to a constitutional violation). As a result, the complaint should be dismissed as to defendant Carpenter under 28 U.S.C. § 1915(e)(2)(B).

   7.   *Unknown Cobb*

The complaint does not contain any allegations relating to defendant Cobb. As a result, the complaint fails to state a claim upon which relief can be granted against Cobb, and the complaint should be dismissed as to defendant Cobb under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this  2nd  Day of February, 2007.


                                    /s/Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE